**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (State Bar No. 295032)
166 Geary Street, Ste. 1500-1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail: yeremey@skclassactions.com

**SMITH KRIVOSHEY, PC**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail: joel@skclassactions.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ZANNETTINO, and KATHRYN TAILOR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br>IGLOO PRODUCTS CORP.<br>Defendant. | Case No. 2:25-cv-01917-MWF (JCx)<br><br>**NOTICE OF MOTION AND MOTION TO INTERVENE AND TO**<br><br>**(1) VACATE WITHOUT PREJUDICE ORDER GRANTING STIPULATION TO APPOINT INTERIM CO-LEAD COUNSEL AND**<br><br>**(2) TRANSFER THIS CASE TO THE DISTRICT OF DELAWARE**<br><br>DATE: JULY 14, 2025<br>TIME: 10:00 A.M.<br>PLACE: COURTROOM 5A |

MOTION TO INTERVENE, VACATE, AND TRANSFER;
CASE NO. 2:25-CV-01917-MWF (JCx)

| | |
|---|---|
| ROBERT CASTELLANO, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>  v.<br><br>IGLOO PRODUCTS CORP.<br><br>    Defendant. | Case No. 2:25-cv-02733-MWF (JCx) |
| VY NGUYEN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>  v.<br><br>IGLOO PRODUCTS CORP.<br><br>    Defendant. | Case No. 2:25-cv-02733-MWF (JCx) |

TO THE COURT, PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 14, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 5A of the above-captioned Court, located at 350 West First Street, Los Angeles, CA 90012, Kelsea Holton, Luis Miranda, and Kristen Riffle, the named plaintiffs in *In re Igloo Prods. Cooler Recall Litig.*, Case No. 1:25-cv-298-JLH (D. Del.) will and hereby do move the Court for an order permitting them to intervene pursuant to Fed. R. Civ. P. 24 for the limited purpose of asking the Court to vacate without prejudice the Court's May 22, 2025 Order appointing the plaintiffs' counsel in this action as interim co-lead counsel pursuant to Fed. R. Civ. P. 23(g), and to transfer these consolidated proceedings to the District of Delaware, so that they can be joined with the existing proceedings in that court, and an orderly resolution of interim counsel leadership can be made.

This motion is based on this notice of motion and motion, the accompanying brief, the pleadings and documents on file, and such further evidence or argument as may be presented prior to or at the hearing or submission of this matter.

This motion is made following the conference of counsel, which took place on June 3, 2025 with counsel for Defendant, and June 4, 2025 with counsel for Plaintiffs.

Dated: June 11, 2025                         Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/   Joel D. Smith

**SMITH KRIVOSHEY, PC**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street,
5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail: joel@skclassactions.com

# TABLE OF CONTENTS

Page

i. Introduction And Brief Procedural Background ...............................................1

Ii. The Court Should Permit The Delaware Igloo Plaintiffs To Intervene In This Action ........................................................................................................3

    A. Intervention Of Right ........................................................................3

    B. Permissive Intervention.....................................................................5

Iii. The Court Should Vacate Without Prejudice Its May 22, 2025 Order Appointing The Plaintiffs' Counsel In This Action As Interim Co-Lead Counsel ..............................................................................................................6

Iv. The Court Should Transfer This Matter To The District Of Delaware .........7

V. Conclusion........................................................................................................8

# TABLE OF AUTHORITIES
Page(s)
**Cases**

*Amador v. Logistics Express, Inc.*,
 2010 WL 3489038 (C.D. Cal. Aug. 27, 2010) ................................................. 2, 7

*City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*,
 254 F.3d 882 (9th Cir. 2001) ................................................................................ 6

*Donnelly v. Glickman*,
 159 F.3d 405 (9th Cir. 1998) ................................................................................ 5

 282 F.R.D. 486 (C.D. Cal. 2012) .......................................................................... 6

*Kitzler v. Nelnet Servicing, LLC*,
 2022 WL 18284983 (C.D. Cal. Nov. 1, 2022) .................................................. 7, 8

*Lou v. Belzberg*,
 834 F.2d 730 (9th Cir. 1987) ................................................................................ 8

*Marcaurel v. USA Waste-Mgmt. Res., LLC*,
 2021 WL 4940977 (S.D.N.Y. Sept. 3, 2021) ........................................................ 2

*Northwest Forest Resource Council v. Glickman*,
 82 F.3d 825 (9th Cir. 1996) .................................................................................. 5

*Orange County v. Air California*,
 799 F.2d 535 (9th Cir. 1986) ................................................................................ 3

*Smith v. Los Angeles Unified School Dist.*,
 830 F.3d 843 (9th Cir. 2016) ............................................................................ 3, 4

*Spangler v. Pasadena City Bd. of Education*,
 552 F.2d 1326 (9th Cir. 1977) .............................................................................. 5

*Subbaiah v. GEICO Ins. Co.*,
 2019 WL 9904278 (C.D. Cal. Dec. 11, 2019) ...................................................... 4

*Trbovich v. United Mine Workers of Am.*,
 404 U.S. 528 (1972) .............................................................................................. 4

*United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*,
  971 F.2d 244 (9th Cir. 1992) ........................................................................... 2

*Valenti v. Dfinity USA Rsch. LLC*,
  2023 WL 3331310 (N.D. Cal. May 8, 2023) ..................................................... 6

*Van Hoomissen v. Xerox Corp.*,
  497 F.2d 180 (9th Cir. 1974) ........................................................................... 5

**Statutes**

28 U.S.C. § 1404 .................................................................................................. 7, 8

**Rules**

F.R.E. 201 ................................................................................................................ 2

Fed. R. Civ. P. 23(g) ........................................................................................ passim

Fed. R. Civ. P. 24 .................................................................................................. 1, 3

Fed. R. Civ. P. 24(a) ................................................................................................. 4

Fed. R. Civ. P. 24(a)(2) ............................................................................................. 3

Fed. R. Civ. P. 24(b) ................................................................................................. 5

Fed. R. Civ. P. 24(b)(1)(B) ........................................................................................ 3

**Other Authorities**

Manual for Complex Litigation 24 ...................................................................... 2, 7

I.      **Introduction And Brief Procedural Background**

Proposed intervenors Kelsea Holton, Luis Miranda, and Kristen Riffle are the named plaintiffs in the related consolidated proceedings in the District of Delaware, *In re Igloo Prods. Cooler Recall Litig.*, Case No. 1:25-cv-298-JLH (D. Del.) (the "Delaware Igloo" Action). The plaintiffs/intervenors in the Delaware Igloo Action respectfully seek to intervene in the present action for the limited purpose of vacating the Court's May 22, 2025 Order appointing the plaintiffs' counsel in this action as interim co-lead counsel pursuant to Fed. R. Civ. P. 23(g), without prejudice to the ability of the Plaintiffs in this action to subsequently properly move for appointment if they so wish. The Delaware Igloo Action plaintiffs/intervenors also seek transfer of these actions to Delaware, where a single district court can resolve the leadership issue and the nationwide or multi-state claims against Defendant.

The crux of the problem is as follows. The plaintiffs/intervenors in the Delaware Igloo Action are from California, Illinois, and Pennsylvania. They are pursuing similar class action claims against Defendant Igloo Products Corp in the District of Delaware, which unlike here, is a state with general jurisdiction over Defendant.[1] On May 15, 2025, the plaintiffs/intervenors in the Delaware Igloo Action filed a motion for appointment as interim co-lead counsel pursuant to Fed. R. Civ. P. 23(g).[2] Seven days later, the Plaintiffs in this action filed a stipulation in this Court to appoint their own counsel as interim co-lead counsel. ECF No. 29.

Critically, the Defendant **did not sign that stipulation** (*see id.*), and the plaintiffs/intervenors in the Delaware Igloo Action **were not told about the proposed stipulation or given an opportunity to object or otherwise respond**. This Court granted the stipulation the next day. ECF No. 30. One week later, the Plaintiffs in this action filed an opposition/objection in Delaware Igloo Action based

---

[1] *See* ECF No. 11, ¶ 18 ("Defendant Igloo Prods. Corp. is a Delaware corporation. Igloo's principal place of business is 777 Igloo Rd, Katy, Texas, 77494.")

[2] Delaware Igloo Action, Case No. 1:25-cv-298-JLH (D. Del.), ECF No. 15.

on this Court's order granting their unilateral stipulation, arguing that appointment of lead counsel in that action would "improperly interfere" with this Court's May 22, 2025 order. Ex. 1.[3] The upshot of all of this is that the Plaintiffs here had an opportunity to respond and object to appointment of interim counsel in the Delaware proceedings, but the plaintiffs/intervenors in the Delaware proceedings had no reciprocal opportunity here.

Even when an opposing party agrees to appointment of interim counsel pursuant to Fed. R. Civ. P. 23(g)—which did not happen here—a stipulation is inappropriate where there are competing candidates for leadership. *See* Manual for Complex Litigation 246 § 21.11(4th ed. 2004) ("[ab]sent stipulation" among competing counsel, "the court may need to select interim class counsel from lawyers competing for the role and formally designate the lawyer selected"); *Amador v. Logistics Express, Inc.*, 2010 WL 3489038 at *3 (C.D. Cal. Aug. 27, 2010) (requiring competing firms to file motions for interim lead counsel if they could not reach agreement amongst themselves); *Marcaurel v. USA Waste-Mgmt. Res., LLC*, 2021 WL 4940977, at *2 (S.D.N.Y. Sept. 3, 2021) (denying stipulation for appointment of class counsel and requiring motion for appointment). Instead of moving for appointment—which would require time, effort, and an opportunity to respond—the Plaintiffs here took a shortcut by deciding amongst themselves that their counsel was the best choice for interim lead counsel.

Given the procedural irregularities and inefficient use of judicial resources that have arisen from having two, competing actions pending at the same time, the plaintiffs/intervenors in the Delaware Igloo Action (1) seek permission to intervene;

---

[3] The documents attached to this motion are from the court docket in the Delaware Igloo Proceedings and therefore are subject to judicial notice under F.R.E. 201. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue")).

(2) ask the Court to vacate without prejudice its May 22, 2025 Order insofar as it relates to appointment of interim class counsel; and (3) transfer these consolidated proceedings to Delaware, where one district court can resolve the leadership issue and all state claims against the Defendant.

## II. The Court Should Permit The Delaware Igloo Plaintiffs To Intervene In This Action

Rule 24 provides for two kinds of intervention by a non-party to a suit. "On timely motion, the court must permit anyone to intervene who … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). This kind of intervention is called intervention of right. *Id*. Alternatively, the Court "may permit anyone to intervene," termed permissive intervention, when someone "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

### A. Intervention Of Right

There is a four part test to determine whether a motion to intervene of right under Rule 24(a)(2) should be granted: (1) the motion must be timely; (2) the applicant must claim a significantly protectable interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action. *Orange County v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986).

Here, the Delaware Igloo Action plaintiffs/intervenors promptly acted after learning of the stipulation and ensuing May 22, 2025 Order, which was issued less than a month ago and at the very early stage of the proceedings. *See Smith v. Los Angeles Unified School Dist.*, 830 F.3d 843, 854 (9th Cir. 2016) ("Timeliness is

determined by the totality of the circumstances facing would-be intervenors," with a focus on the stage of the proceedings, prejudice to the other parties, and the reason for any delay). The plaintiffs/intervenors in the Delaware Igloo Action promptly met and conferred with counsel for all sides in this action two weeks after the May 22, 2025 Order was issued, and promptly filed this motion after the seven-day period required under Local Rule 7-3 expired. Hearing the motion to intervene will not unduly delay the proceedings or prejudice any party. To the contrary, prompt resolution of leadership and venue disputes at this early stage will benefit all parties in both actions.

The second and third factors are satisfied because the plaintiffs in both actions assert the same type of claims against the same Defendant, concerning the same course of conduct, and involve the same or overlapping classes. *See* Ex. 2 (Delaware Consolidated Complaint); *see also Subbaiah v. GEICO Ins. Co.*, 2019 WL 9904278 at *3 (C.D. Cal. Dec. 11, 2019) (addressing intervention factors in the context of a motion to intervene concerning two related class actions).

Finally, "the fourth element of Rule 24(a) intervention requires only a 'minimal' showing that existing parties' representation 'may be' inadequate." *Smith*, 830 F.3d at 863 (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). While counsel in the Delaware Igloo Action know and respect counsel in these proceedings, regrettably, the current parties' interests in this action are "diametrically opposed" to each other given their different views about leadership, litigation strategy, and the venue where the actions should proceed. *Smith*, 830 F.3d at 864. For example, the Plaintiffs in these proceedings seek nationwide claims that ostensibly would encompass the claims of the Illinois and Pennsylvania plaintiffs/intervenors in the Delaware Igloo Action, but respectfully, this is jurisdictionally impossible: a California plaintiff in a California court cannot certify claims against a Delaware and Texas company that covers Illinois and Pennsylvania class members. Similarly, whereas the Plaintiffs

in these proceedings undoubtedly have good-faith reasons for wanting to pursue their claims here, the California plaintiff in the Delaware Igloo Action believes her action should proceed in a state of general jurisdiction where it can be joined with plaintiffs from other states.

### B. Permissive Intervention

Where a party may not intervene as a matter of right, the Court may consider whether permissive intervention under Rule 24(b) is appropriate. Permissive intervention may be granted where there is "(1) [i]ndependent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996). In addition, permissive intervention is permissible if it will not "unduly delay or prejudice adjudication of the original parties' rights." Fed. R. Civ. P. 24(b). The Court may also consider, among other things, "whether the intervenors' interests are adequately represented by other parties ... and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Spangler v. Pasadena City Bd. of Education*, 552 F.2d 1326, 1329 (9th Cir. 1977). Permissive intervention is entirely within the discretion of the court and may be limited to particular issues. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998); *see Van Hoomissen v. Xerox Corp.*, 497 F.2d 180, 181 (9th Cir. 1974).

These factors are satisfied for the reasons already addressed above, and there are independent grounds for jurisdiction with respect to the California plaintiff/intervenor in the Delaware Igloo Action, who herself resides in the Central District. See Ex. 2, at ¶ 10.

### III. The Court Should Vacate Without Prejudice Its May 22, 2025 Order Appointing The Plaintiffs' Counsel In This Action As Interim Co-Lead Counsel

With respect to this Court's May 22, 2025 Order appointing interim lead counsel, the plaintiffs/intervenors in the Delaware Igloo Action are seeking very modest relief: all they ask is for the Court to vacate the lead counsel order **without prejudice**, allowing the Plaintiffs in this Court to properly move for appointment, and giving the plaintiffs/intervenors in the Delaware Igloo Action an opportunity to respond.[4] The plaintiffs/intervenors in the Delaware Igloo Action respectfully believe that, ultimately, the Delaware court should make that determination because that will better facilitate the orderly resolution of the issue and avoid inter-district conflicts. However, even if the Court denies transfer, there is no prejudice to at least giving the plaintiffs/intervenors in the Delaware Igloo Action an opportunity to be heard on the issue here.

"The Court has the inherent authority to reconsider any of its interlocutory orders, *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001), and Rule 23(g)(1)(E) also provides that the Court may 'make further orders in connection with [any class counsel] appointment.'" *Valenti v. Dfinity USA Rsch. LLC*, 2023 WL 3331310, at *4 (N.D. Cal. May 8, 2023) (quoting Fed. R. Civ. P. 23(g)(1)(E) and vacating prior appointment of lead counsel); *see also In re Oreck Corp. Halo Vacuum & Air Purifiers Marketing & Sales Pracs. Litig.*, 282 F.R.D. 486, 492 (C.D. Cal. 2012) (exercising authority under Rule 23(g) to vacate prior interim counsel appointment).

Serving as interim lead counsel is an important job. As argued in Section I above, the unilateral stipulation among plaintiffs' counsel here is not the proper procedure for determining lead counsel when there are competing candidates. *See*,

---

[4] The Delaware Igloo Action plaintiffs do not ask the Court to vacate the May 22, 2025 Order consolidating the three actions in this District.

MOTION TO INTERVENE, VACATE, AND TRANSFER;
CASE NO. 2:25-CV-01917-MWF (JCx)                                                         6

*e.g.*, Manual for Complex Litigation 246 § 21.11(4th ed.2004) ("[ab]sent stipulation" among competing counsel, "the court may need to select interim class counsel from lawyers competing for the role and formally designate the lawyer selected"); *Amador*, 2010 WL 3489038 at *3 (requiring competing firms to file motions for interim lead counsel if they could not reach agreement amongst themselves). If a court of competent jurisdiction ultimately determines that the Plaintiffs' counsel in this matter is best suited to lead, then the plaintiffs/-intervenors and their counsel in the Delaware Igloo Action are prepared to support them. However, that is a decision that should be based on a review of the competing candidates' respective qualifications, experience, and work product.

## IV.  The Court Should Transfer This Matter To The District Of Delaware

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C.A. § 1404. "The analysis under § 1404 is twofold. First, the defendant must establish that the matter 'might have been brought' in the district to which transfer is sought." *Kitzler v. Nelnet Servicing, LLC*, 2022 WL 18284983 at *2 (C.D. Cal. Nov. 1, 2022) (Fitzgerald, J.) (quoting 28 U.S.C. § 1404(a)). "Second, the Court must balance three factors: (1) convenience of the parties; (2) convenience of the witnesses; and (3) interests of justice." *Id.*

"In determining the propriety of transfer under 28 U.S.C. § 1404(a) the Court must first look to whether the proposed transferee district, here the District of [Delaware], is one in which Plaintiff's action could originally have been brought." *Id*. This preliminary question is easily answered here because Delaware is where Defendant is incorporated, and hence, is a venue of general jurisdiction.

Transfer would be convenient for the Defendant, which has already advised the plaintiffs in these proceedings that it intends to seek transfer to that venue. *See* ECF No. 29, at 3:14. Presumably, transfer also would be more convenient for the

Massachusetts Plaintiff in *Zannettino*, because she is on the East Coast. Granted, transfer may be less convenient for the other California-based plaintiffs in these proceedings, but not any less so than for the California plaintiff who is already litigating her claims in the Delaware Igloo Action.

As for the interest of justice factor, as this Court has explained, a "potentially dispositive factor" is "the significant burden on limited judicial resources if transfer is denied." *Kitzler*, 2022 WL 18284983 at *3. "Importantly, in putative class actions ... even where the causes of action are not similar but are based on similar allegations pled in a later-filed action, concerns over judicial efficiency are paramount." *Id.* Hence, the interest in having related class actions proceed in one district supports transfer under § 1404(a). With respect to the interest of justice, courts also look at where the location of contracts are and the state most familiar with governing law, but these are neutral here given that the plaintiffs seek to represent a nationwide class, and as a result, no single court will be most familiar with all relevant laws. *See id.* ("courts have repeatedly explained that the forum state's familiarity with California law is a neutral factor in a § 1404(a) transfer analysis, because "it is routine for federal courts to analyze and apply the laws of diverse states.").

Finally, while it is generally true that a plaintiff's choice of forum is afforded some weight, the plaintiffs' decision to file in California is entitled to less deference where, as here, the plaintiffs are seeking to represent a nationwide class. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("Although great weight is generally accorded plaintiff's choice of forum, when an individual ... represents a class, the named plaintiff's choice of forum is given less weight.")).

In short, the factors under § 1404(a) support transfer here.

V.  **CONCLUSION**

The Court should (1) permit the plaintiffs in the Delaware Igloo Action to intervene for the limited purposes requested here, (2) vacate without prejudice its May

22, 2025 Order appointing the plaintiffs' counsel in this action as interim co-lead counsel pursuant to Fed. R. Civ. P. 23(g), and (3) transfer this matter to the District of Delaware.

Dated:  June 11, 2025                                        Respectfully submitted,

    /s/   Joel D. Smith

**SMITH KRIVOSHEY, PC**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street,
5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail:  joel@skclassactions.com

**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey
(State Bar No. 295032)
166 Geary Street, Ste. 1500-1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail: yeremey@skclassactions.com

*Attorneys for Plaintiff*

**Local Rule 11-6.2 Certificate Of Compliance**

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 2,700 words, which complies with the word limit of L.R. 11-6.1.  ECF No. 39.

Dated: June 11, 2025                                        /s/ Joel D. Smith
                                                                                                 Joel D. Smith