**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| IN RE IGLOO PRODUCTS COOLER RECALL LITIGATION | C.A. No.: 25-cv-00298-JLH <br> CONSOLIDATED |
|---|---|

OPPOSITION TO PLAINTIFFS' MOTION FOR APPOINTMENT
OF INTERIM CO-LEAD COUNSEL

Anthony Zannettino, Kathryn Trainor, Robert Castellano and VY Nguyen (collectively, "California Plaintiffs"), by and through undersigned counsel, hereby submit this opposition to the Motion for Appointment of Interim Co-Lead Counsel filed by the plaintiffs in the above-captioned actions and state as follows:

I. **INTRODUCTION**

The above-captioned cases (the "Delaware Cases") involve the same (or similar) claims, based on the same underlying factual allegations, against the same defendant, Igloo Products Corp. ("Igloo"), as three cases that are currently pending in the Central District of California (the "California Cases"). On May 23, 2025, Judge Michael Fitzgerald in the Central District of California consolidated the California Cases and appointed Christina Tusan and Matthew George as Co-Lead Interim Class Counsel. *Anthony Zannettino v. Igloo Products Corp.*, Case No. 2:25-cv-1917-MWF, Dkt. 30, attached as Exhibit A. The undersigned Co-Lead Interim Class Counsel for the California Plaintiffs enter this limited appearance solely for the purpose of requesting that this Court refrain from issuing any order that might purport to apply to cases outside of the District of Delaware. Any such order would improperly interfere with the decision already issued by Judge Fitzgerald in the California cases, which are pending in a court of competent jurisdiction in which they are properly being prosecuted. Counsel respectfully suggest that the most prudent, practicable,

{00041244. }

and appropriate approach would be for each respective District Court to resolve only the issues regarding the pleadings currently before them. Once these issues have been resolved, including potential transfer motions, whichever court (or courts) these cases are before can, then, revisit the issue of leadership appointments with broader applicability.

## II.   DISCUSSION

Plaintiffs in the Delaware Cases devote a considerable part of their Motion to what they consider to be issues and deficiencies in the California Cases and their asserted superiority to counsel in the California Cases. As an example, Plaintiffs in the Delaware Cases make a number of assertions about the potential viability of the putative nationwide class and Massachusetts subclass proposed in *Anthony Zannettino, et al. v. Igloo Products Corporation,* No. 2:25-cv-01917-MWF-JC (C.D. Cal.) (the "*Zannettino* action"). Respectfully, these issues are not before this Court and are properly for the District Court for the Central District of California to decide when raised either on a challenge to the pleadings or at a later stage of litigation. This Court should decline the Delaware Plaintiffs' invitation to take a position regarding such issues in the *Zannettino* action, particularly given that the Court in that matter has already consolidated those cases, directed the California Plaintiffs to file a consolidated amended complaint, and appointed Co-Lead Interim Class Counsel. Relatedly, we do not think it would assist this Court for us to engage substantively with the various assertions and arguments in the Delaware Plaintiffs' Motion, particularly when they are applying to be "liaison counsel" but did not serve their moving papers on any counsel in the California Cases.

We do note, however, that Plaintiffs' Counsel in the above-captioned cases have inaccurately, and somewhat surprisingly, referred to the California Cases as tag-along cases. In fact, the first-filed of all of these cases, including the Delaware cases, is the *Zannettino* action.

That case was filed in the Central District of California on March 5, 2025. On March 7, 2025, the court noted that there was a technical error with the filing (the civil cover sheet was filed with the complaint, rather than separately) but advised Plaintiffs that they did not need to take any action. On March 11, 2025, Magistrate Judge Audero struck the complaint because of that technical error. On March 13, 2025, Plaintiffs refiled the complaint, correcting the technical issue. This technical error does not, however, change the fact that the *Zannettino* action was the first filed action with a publicly available pleading on the docket well in advance of the first Delaware Case being filed. And, it is plainly evident that all of these cases arise from a highly publicized, nationwide recall, and were not the sort of filing that results from an investigation that was proprietary to one counsel or law firm. In similar situations, it is axiomatic that a number of filings occur in various jurisdictions as putative class representatives come forward from various states.

We further note that the appropriate forum for the resolution of the numerous cases, both before this Court and in the Central District of California, is another threshold issue that remains to be determined and one which Plaintiffs in the *Zannettino* action believe should be California. Defendant has indicated that it will seek to transfer the California Cases to this Court. It appears, however, that Delaware has no connective tissue to the claims being prosecuted here, and at most, a "paper" nexus to Delaware. Neither of the Delaware Cases proposes a Delaware class, and none of the plaintiffs in the Delaware Cases is even from Delaware (and one is, in fact, from the Central District of California). Similarly, there will likely be no witnesses in Delaware, nor any repository of documents within the State. In contrast, the California cases all propose California classes or subclasses, all assert California state law causes of action, and all have California plaintiffs. Accordingly, Plaintiffs in the California Cases intend to oppose the anticipated motion to transfer the California Cases to Delaware.

{00041244. }                                3

Given that Interim Class Counsel for the California Cases have already been appointed by the District Court in California, this Court should refrain from issuing any order that purports to apply to cases outside of the District of Delaware. Absent a determination that these cases should be centralized as Multidistrict Litigation, or an order to transfer the California Cases to this Court, this Court lacks jurisdiction to appoint counsel over parties, classes, claims, and cases not pending before it. Of course, these issues can be revisited to the extent that the California Cases are transferred at a later date. In the meantime, Interim Class Counsel in the California Cases will continue to work cooperatively with the various Courts, the Defendant, and plaintiffs' counsel in related actions to manage this litigation in an efficient manner.

### III.  CONCLUSION

For the foregoing reasons, Counsel for the California Plaintiffs respectfully request that this Court refrain from issuing any order that purports to apply to cases outside of the District of Delaware.

DATED: May 29, 2025
Wilmington, Delaware

Respectfully submitted,

**THE ROSNER LAW GROUP LLC**

*/s/ Zhao Liu*
Frederick B. Rosner (DE 3995)
Zhao (Ruby) Liu (DE 6436)
824 Market Street, Suite 810
Wilmington, DE 19801
Phone: (302) 777-1111
Email: rosner@teamrosner.com
E-mail: liu@teamrosner.com

*Counsel for California Plaintiffs*

**TUSAN LAW, PC**

By: */s/ Christina Tusan*

{00041244. }  4

Christina Tusan

Christina Tusan (SBN 192203)
*ctusan@ctusanlaw.com*
Adrian Barnes (SBN 253131)
*abarnes@ctusanlaw.com*
680 E. Colorado Blvd. #180
Pasadena, CA 91101
Telephone: (626) 418-8203
Facsimile: (626) 619-8253

**POULIN | WILLEY | ANASTOPOULO, LLC**
Paul J. Doolittle (SBN 298476)
*Paul.doolittle@poulinwilley.com*
32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222
Facsimile: (843) 494-5536

Counsel for Plaintiffs and the Putative Class and Subclasses in *Anthony Zannettino v. Igloo Products Corporation*, Case No. 2:25-cv-01917-MWF-JC (C.D. Cal.)

**KAPLAN FOX & KILSHEIMER LLP**

By: /s/ *Matthew B. George*
      Matthew B. George

Laurence D. King (SBN 206423)
*lking@kaplanfox.com*
Matthew B. George (SBN 239322)
*mgeorge@kaplanfox.com*
Clarissa R. Olivares (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: (415) 772-4700
Facsimile: (415) 72-4707

**KAPLAN FOX & KILSHEIMER LLP**
Justin B. Farar (SBN 211556)
*jfarar@kaplanfox.com*
12400 Wilshire Boulevard, Suite 910
Los Angeles, CA 90025
Telephone: (310) 614-7260
Facsimile: (310) 614-7260

{00041244. }                                     5

Email: *jfarar@kaplanfox.com*

Counsel for Plaintiff and the Putative Class in *Vy Nguyen v. Igloo Products Corporation,* No. 8:25-cv-00716-MWF-JC (C.D. Cal.)

**DENLEA & CARTON LLP**

By: /s/ *Jeffrey I Carton*
 Jeffrey I. Carton

James R. Denlea (*pro hac vice* pending)
*jdenlea@denleacarton.com*
Jeffrey I. Carton (*pro hac vice* pending)
*jcarton@denleacarton.com*
Craig M. Cepler (admitted *pro hac vice*)
*ccepler@denleacarton.com*
2 Westchester Park Drive, Suite 410
White Plains, New York 10604
Telephone: (914) 331-0100
Facsimile: (914) 331-0105

**KUZYK LAW, LLP**
Michael D. Braun (SBN 167416)
*mdb@kuzykclassactions.com*
2121 Avenue of the Stars, Suite 800
Los Angeles, California 90067
Telephone: (213) 401-4100
Facsimile: (213) 401-0311

Counsel for Plaintiff and the Putative Class in *Robert Castellano v. Igloo Products Corporation,* No. 2:25-cv-02733-MWF-JC (C.D. Cal.)